UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES W. NICHOLSON,

        Plaintiff,

   -against-                                    9:13-cv-0277 (LEK/ATB)

SGT. MILLER,

        Defendant.

## DECISION and ORDER

**I.    INTRODUCTION**

This civil rights action comes before the Court following a Report-Recommendation filed on December 19, 2014, by United States Magistrate Judge Andrew T. Baxter, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 54 ("Report-Recommendation"). Judge Baxter recommends that Defendant Sgt. Miller's ("Miller") Motion for summary judgment be granted and Plaintiff James Nicholson's ("Plaintiff") Complaint be dismissed. Report-Rec.; see also Dkt. Nos. 1; 43. Plaintiff timely filed Objections. Dkt. No. 59 ("Objections"). For the following reasons, the Report-Recommendation is adopted in its entirety.

**II.    STANDARD OF REVIEW**

When a party makes a timely objection to a Report-Recommendation, it is the duty of the Court to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Farid v. Bouey, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting McAllan v. Von Essen, 517 F. Supp. 2d

672, 679 (S.D.N.Y. 2007)) (citations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. DISCUSSION

### A. Exhaustion of Administrative Remedies

Plaintiff first argues that under Patsy v. Bd. of Regents of State of Fla., 457 U.S. 496 (1982), he was not required to exhaust administrative remedies before filing this action pursuant to 42 U.S.C. § 1983. Objs. at 2. However, Plaintiff is misguided, as the case on which he relies directly contradicts his argument. See Patsy, 457 U.S. at 510 ("Section 1997e carves out a narrow exception to the general no-exhaustion rule to govern certain prisoner claims. . . . The exhaustion requirement is expressly limited to § 1983 actions brought by an adult convicted of a crime.") (citation omitted). Moreover, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), explicitly requires a prisoner to exhaust administrative remedies before commencing an action pursuant to § 1983. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Therefore, Plaintiff's first objection is without merit.

### B. Retaliation Claim

Plaintiff reiterates his original claim that the June 3, 2011, "assault" by Miller was committed in retaliation for Plaintiff having filed a grievance the previous day. Objs. at 3. However, as noted in the Report-Recommendation, Plaintiff admitted in his deposition that he

refused Miller's direct order on June 3. See Report-Rec. at 18. Even if the alleged assault were committed for a retaliatory purpose, Plaintiff's admission of misconduct is fatal to his claim. See Scott v. Couglin, 344 F.3d 282, 287-88 (2d Cir. 2003) (noting that "disciplinary action does not constitute unlawful retaliation if proper motive existed alongside of improper one and the disciplinary action would have been taken regardless of the improper motive") (citation omitted). Therefore, Plaintiff's second objection is also without merit.

The remainder of Plaintiff's arguments consists of general and conclusory objections. See, e.g., Objs. at 2 (asserting "that's a lie" and that "[t]his is a big cover-up by the DOCCS employees. The lies [sic]."). Accordingly, the Court reviews those objections for clear error and finds none.

**IV. CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 54) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant Sgt. Miller's Motion (Dkt. No. 43) for summary judgement is **GRANTED**; and it is further

**ORDERED**, that Plaintiff James Nicholson's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 29, 2015
Albany, NY

Lawrence E. Kahn
U.S. District Judge

3